```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMERICAN HOME PATIENT, INC.,

                        Plaintiff,            05-CV-6322T

                                              DECISION
                v.                            And ORDER

TIMOTHY CONNORS and BUFFALO WHEELCHAIR,
INC. d/b/a PRO2CAIR,

                        Defendants.
_____
```

Plaintiff American Homepatient, Inc. ("American Homepatient") a Tennessee corporation with its principle place of business located in Tennessee, brings this action pursuant to federal diversity jurisdiction against defendants Timothy Connors, ("Connors") a New York State resident and former employee of American Homepatient, Inc., and Buffalo Wheelchair, Inc., a New York corporation with its principle place of business located in New York, claiming that the defendants are in violation of a "non-compete agreement" between American Homepatient and Connors. Specifically, plaintiff alleges that Connors, during his employment with American Homepatient, signed an agreement in which he agreed not to compete with American Homepatient for one-year following termination of his employment with American Homepatient. Plaintiff claims that Connors has violated that agreement by accepting employment with Buffalo Wheelchair, Inc., a competitor of American Homepatient.

By motion dated July 19, 2005, defendants move to dismiss the Complaint on grounds that this court lacks subject matter jurisdiction over the dispute. Specifically, Connors claims that he was an employee of American Homepatient of New York, Inc., a New York Corporation with its principle place of business located in New York, and therefore there is no diversity among the parties. Plaintiff opposes defendants' motion.

In determining whether or not the court has subject matter jurisdiction over a dispute, the court may "refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Luckett v. Bure, 290 F.3d 493, 496-97 (2nd Cir. 2002). Applying this standard, I find that plaintiff has satisfied its burden of demonstrating that there is complete diversity among the parties. Although Connors contends that it was his "belief" that he worked for American Homepatient of New York, he has submitted no evidence (other than a picture of an office door identifying that office as "American Homepatient of New York, Inc.") in support of his contention that he worked for the New York subsidiary of American Homepatient, and not American Homepatient, Inc. Plaintiff, however, has submitted documentary evidence demonstrating that Connors was an employee of the Tennessee-based American Homepatient, Inc., and not American Homepatient of New

York.  For example, plaintiff has submitted redacted copies of plaintiff's W-2 tax forms showing that American Homepatient, Inc., was Connors employer, and paid Connors' wages.  Plaintiff has further submitted the non-compete agreement itself, which indicates that the agreement was entered into by American Homepatient, Inc., and Connors, and that American Homepatient of New York was not a party to the non-compete agreement. Accordingly, because plaintiff has presented evidence that American Homepatient was Connors employer, and that the parties to the agreement underlying this litigation were American Homepatient Inc., and Connors, I find that plaintiff has adequately demonstrated that it is the proper plaintiff in this action, that American Homepatient of New York is not a party to this litigation, and that because American Homepatient Inc., is a Tennessee Corporation with its principle place of business located in Tennessee, diversity between the parties to this action is complete.  I therefore deny defendants' motion to dismiss.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
   Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
         October 25, 2005